IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFREDO BARELA,

    Petitioner,

vs.                                                                                             Civ. No. 05-291 JB/RHS

GEORGE TAPIA, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed March 14, 2005 **[Doc. 1]** and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), filed April 19, 2005 **[Doc. 10]**. Petitioner is proceeding *pro se* and *in forma pauperis*.

    2. Petitioner was confined pursuant to a Judgment and Order Partially Suspending Sentence, filed December 3, 2002 (Ex. A, attached to Respondents' Answer[1]) and an Amended Order Revoking Probation and Imposing Judgment and Sentence, filed October 7, 2004 (Ex. I) of the Third Judicial District Court of the County of Dona Ana.

    3. On February 23, 2004, Petitioner pled guilty to Aggravated Driving While Under the Influence of Intoxicating Liquor or Any Drug (.16 or Above), No Proof of Insurance and Driving While License Suspended or Revoked. (Ex. J.) Petitioner's probation was revoked and he was ordered to serve "a total term of two (2) years, five (5) months and twenty-nine (29) days" in

---

    [1]All exhibits referenced in this document are attached to Respondent's Answer.

custody to be followed by "one (1) year of parole." (Ex. I at 2.)  The Court directed that Petitioner "shall receive confinement credit for six (6) months and seven (7) days served in the Dona Ana County Detention Center . . . . [and] credit from June 7, 2003 . . . through February 23, 2004 . . . for a total credit of one (1) year and eighty-seven (87) days." (Id. at 2-3.)[2]

4.  In his federal petition, Mr. Barela contends that: (I) several of his prior convictions were improperly used to enhance his sentence, and (II) "the erroneous calculations by . . . [a caseworker] is [sic] not letting me parole on time." (Petition at 3.)  Respondent moves for dismissal of the Petition with prejudice, arguing that Mr. Barela's claims are unexhausted, procedurally defaulted and without merit. (See Respondents' Memorandum in Support of Motion to Dismiss ("Memo in Support") at 1 **[Doc. 11]**.)

5.  A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 520-21 (1982).  From a review of the exhibits attached to the Answer, it appears that Petitioner has not exhausted either of his claims in state court.[3]  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (noting that "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").  Indeed, Mr. Barela has not afforded the New Mexico state courts any opportunity to address the alleged "calculation errors" he raises in claim II.

---

[2]The Court further ordered that Petitioner "receive credit for any post-sentence confinement served after February 23, 2004, and prior to the filing of this order." (Ex. I at 3.)

[3]Mr. Barela raised one of his claims in a Petition for Writ of Habeas Corpus in state district court. (Ex. N.)  However, he did not appeal the denial of that petition to the Supreme Court of New Mexico. See Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992) (finding exhaustion requirement met when the state's highest court has had the opportunity to reach the merits of a petitioner's claim).

6. The Court agrees with Respondents that the "exact nature of . . . claim [II] is not clear." (Memo in Support at 5.) However, whether Petitioner's claim alleges that calculation errors were committed by either the court or a prison official, he may have further available means in state court for pursuing this claim. See, e.g., Martinez v. State of New Mexico, 110 N.M. 357, 358, 796 P.2d 250, 251 (Ct. App. 1990) (citing Sneed v. Cox, 74 N.M. 659, 397 P.2d 308 (1964) (noting that a denial of credits that affect time served fall within the scope of N.M.R.A. 5-802); State v. Hernandez, 97 N.M. 28, 31, 636 P.2d 299, 302 (Ct. App. 1981) (citation omitted) (explaining that post-conviction proceedings are available to raise issues regarding probation credit).

7. Under circumstances where it is not clear that state review is foreclosed, and in the interest of comity, Petitioner's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court. See e.g., Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists); Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, better course is to require petitioner to explore possibility that state remedies exist). Accordingly, Mr. Barela's Petition should be dismissed without prejudice for lack of exhaustion and Respondents' motion to dismiss Mr. Barela's Petition with prejudice should be denied as moot.

### Recommendation

I recommend that Mr. Barela's Petition **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED without prejudice based on non-exhaustion of claims. I further recommend that

Respondents' Motion to Dismiss **[Doc. 10]** be DENIED as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                                               _____
                                                                               ROBERT HAYES SCOTT
                                                                               UNITED STATES MAGISTRATE JUDGE